We'll call the first case. We have two cases on the oral argument calendar this morning. The first one, 23-3063 God's Storehouse Topeka Church v. United States. Uh, counsel, please proceed. May it please the court. We're putting Fritz Hauser and Megan Falkenter on behalf of God's Storehouse Topeka Church. If I could reserve five minutes for a rebuttal. Okay. Your time's your own, but we'll watch it and try to remind you when you're, when you're getting close. Very good, your honor. This case presents a question of whether it's proper for the U.S. government to circumvent the Church Audit Procedure Act, or I'll refer to CAPA, through a third party summons and how United States v. Powell and CAPA interface. This requires a holistic analysis of CAPA and the summons at issue here. Ultimately, the court's decision, whether or not CAPA, uh, it's decision will determine whether or not CAPA actually means anything or whether it's been relegated to a useless appendage through the government's interpretation and procedural gamesmanship over the years. A few things that are not in dispute in this case, there was a 7611 church tax inquiry. Two, there was a 7611 church tax examination. Three, there was a summons issued for the purposes of the 7611 inquiry and examination as shown by Agent Kelsroy's affidavit. And four, United States v. Powell applies to this case. Did the affidavit say that the, um, what, I get the numbers mixed up in this thing, but the 0-9 summons was part of a church tax inquiry or examination? In the affidavit, it goes through the background of what the basis of the summons was, and those were the exact same four factors in the examination. Did the church engage itself in political activity impermissibly? Was it actually a thrift store and not actually a church? Were the pastors actually pastors and did they have to pay unemployment tax, employment tax? And was there an unrelated business income tax? And so those were all in Agent Kelsroy's affidavit. And so there are also a few things I don't think the government will dispute here. Prior to, one, yes, yes, Judge. Counsel, sorry, I'm over here. Yeah. I, I question, uh, whether this is a, you seem to be suggesting that the actual third party summons is a tax inquiry or a tax examination, but it seems that the statute excludes that when it talks about church records, uh, and defines church records and specifically excludes the records obtained pursuant to a third party summons. We also have a regulation that's very clear that specifically says that, uh, records sought pursuant to a 7609 summons simply are included, um, under the, under 7611, basically. So, Your Honor, if I, so I, excuse me, if they're, if they're specifically excluded from 7611, I'm confused as to why you are arguing that the procedural requirements of 7611 apply to 7609. Yes, Your Honor. If we could just walk through the Church Audit Procedure Act and I'll, I'll kind of discuss that. So in the definitions, the government relies on the definition of church tax inquiry as a church tax inquiry being an inquiry to a church and the church being the target of that. But you have to look at CAPA as a whole. So this is a procedural statute that starts with notice, I mean, approval from sufficiently high level treasury official, and then it proceeds. Counsel, counsel, I don't mean to, I am cutting you off, but I don't, I'm not sure you're understanding my question. I don't, I'm not suggesting there isn't an inquiry. I'm not suggesting there isn't an examination going on. I'm suggesting that nevertheless, a 3609 summons is not subject to the same rules as the examination and the inquiry. And that seems to be pretty clear from the statute and the ratings themselves. Well, Your Honor, the exclusion you're talking about exists actually in the definition of church records. So you have to have church records as being the basis to pull in that third, third-party summons exclusion. And if you look at the records, church records are records kept by a church. That statute specifically excludes, I think it's H-4B, 7611 H-4B, that statute specifically excludes records acquired pursuant to a summons, which 7609 applies to. So I'm just not, I'm not connecting the dots. Your Honor, if I could, the definition of church examination really is the hook here, because it doesn't have to be directed to a church like a church inquiry, but it includes church records or B, the religious activities of the church, which does not include the word church records at all. So there can be two bases for an examination, one being church records. And yes, there is this conflict between what is excluded, but the actual examination issue in this case has to do with the religious activities of the church. Is it actually a thrift store or is it a church? So we're operating under the church examination definition under 3B, the religious activities of the church, not necessarily the examination into church records. So the issue here is that this is a broad examination and this summons is being used to circumvent the Church Audit Procedure Act. Bible study time created this kind of third party loophole by misapplying that exclusion, which resides in the definition of church records. So when would the 7609 subpoena ever be used in once there's an inquiry or church tax examination going on? Absolutely. What should happen is the government goes to the church. And I think this is our client's frustration in this case. The government has not interfaced with the church directly, hardly at all. Instead, they just go issue third party summonses. And this was the exact same thing that the Bible study time five years ago, the church and Bible study time said this will happen. The government will circumvent CAPA by just issuing third party summonses if you let this unrestrained exemption govern. OK, let me let me. I think you're misunderstanding me. So once there's a church tax inquiry and examination going on, is there any application for 7609 in your view? Absolutely. Yes. Yeah. The government can go use 7609 and 7611 doesn't apply. In fact, the Treasury, the Revenue Procedure Manual talks about and I'll give you the section here. Just tell me before you do that, where would 7609 apply then? Give me an example of something, because obviously we've got a third party bank that has some records that relate to your client. And it's your position that you can't go use that, use 7609 to get records from them. Who could you get records from? The church. And that's how CAPA is designed. But you would never issue a 7609 subpoena to the church. No, you'd issue a summons to the church under 7611. You would go through the procedure of interfacing with the church, getting documents from the church, and then you can go to banks, you can issue third parties summons all you want to verify the information from the church. The problem here is the church isn't involved. Instead of interfacing with the church and getting any documentation, we provided, our client provided a substantial amount of documentation. And then when they asserted the Church Audit Procedure Act as an issue and the approval authority being inadequate, the government just sidestepped and stopped interfacing with the church and went directly to third parties. Can I interrupt you there? You indicated several times there was no interfacing between the church and the IRS, but that doesn't seem to be what I see in the record. As I recall, there was a notice of examination. There was a pre-examination conference where they tried to resolve their issues. There was no resolution. After that, the IRS sent document requests. The church sent some documents, not all. The IRS asked for bank records. The church said no. And it was at that point, after all of that interfacing, that the IRS issued the summons to the bank under 3609. So I'm not understanding where you suggest that this just kind of came out of the blue as though there were no interfacing. They followed all the requirements of 3611. I think the government... I'm just not following. The government's... Yes, yes, there was some interface. That's true. But in Hobbs, which is a case we discussed out of the Ninth Circuit that talks about whether or not a third-party summons is subject to 7611. In that case, they both went after the church and moved to enforce a summons against the church, allowing the church to assert 7611 protections. At the same time, it went to third-party record keepers. We don't think that's circumventing the Church Audit Procedure Act because they're involving the church. In Bible study time, they did all their third-party summonses and then went to the church. The government's argument on 7611E shows this to be the case. They have all the cards on the table. They go issue a third-party summons. They say 7611E doesn't allow us to even challenge it unless they move to enforce a summons against the church. But they don't have to do that ever. That is the language of the statute, isn't it, counsel? I mean, it's not just the IRS coming up with this. The language of 7611E provides an exclusive remedy under 7611, and that's a motion to try to stay in an enforcement proceeding. That's it, and it's very clear. The text is clear. So I guess I'm also struggling with how you even have any option to try to quash the summons outside of 7609. It's simply not a remedy under 7611. I think that's part of the problem with the way that the government is circumventing CAPA here because they have, under 7609, which is a motion to quash, they have the ability to also move to enforce the summons. The government hasn't done that here because they don't want to incur 7611E because then it would become a proceeding to compel compliance. But effectively, that's what this is. This court's determination will determine whether or not Caw Valley Bank produces or doesn't produce documents. And we asked in our petition for all equitable. Counsel, that may be true, but even after, assuming this goes forward and the documents are produced by Caw Valley, even assuming that, that's not the end of it. The IRS then still has to proceed under 7611 with the examination in order to assess any taxes or take any further proceedings. That's when the procedures of 7611 kick in and that's when the IRS would have to seek enforcement. And that's when you would have the opportunity pursuant to Section E to file your motion for stay. All of that happens after. Your Honor, I'd respect. The third party summons. And I do want to reserve a little time for rebuttal, but I respectfully submit that the congressional record CAPA was created to avoid that, to avoid a church going through a long, extensive procedure like you describe. It allows these upfront checks and balances, the major one being the appropriate high level official, which the text of the statute identifies two officials in current law that can approve church audits and church examinations. And the government just wants to play how low can you go? They started with the Director of Tax Exempt Examinations and then they went to the Director of Tax Exempt Organizations. And now then in Bible study time, they went one level up from that and now they are at the commissioner. And so why is it the government doesn't start with the people that we know by law and by reg can approve these? And instead they want to go to the lowest. And churches have to keep litigating their protections to say that's not a high level official. But I want to stop there. But I just to answer your question, it's to avoid the long drawn out and the reputational damage to churches. I mean, our client is experiencing that now in this case. And I think that that is one of the reasons CAPA exists. So let me reserve a minute, 30 seconds here. Thank you. Thank you. Good morning, may it please the court. Guja Boishar on behalf of the United States. I'd like to address each of the arguments that taxpayer just raised regarding this interfacing argument that that the IRS has not interfaced with the church. As Judge Moritz just brought up, that is simply not true. The facts show the IRS sent everything it was required to send under 7611. It first sent a notice of church tax examination. It then sent a notice of church tax inquiry and then it allowed for a conference with taxpayer and subsequently sent a document request when the church did not respond to that document request as as it required, which was the bank documents it is now seeking from Calvary Bank. At that point, the IRS used its authority under 7609, which 7611 specifically carves out to summons third party documents from the bank. Let me let me ask you a question that may be not accurately reflect the record. So if you have a church tax examination and inquiry. Can you issue a 7609 subpoena before you even ask the church for the documents? Your Honor, yes, I'm glad you asked this timing question. There is nothing in 7611 that precludes the IRS from simultaneously seeking third party documents ahead. What 7611 says is when you are interfacing with the church because of those First Amendment concerns, entanglement concerns, we want to make sure the government is following specific and heightened procedures. But the government can interface with third parties who for whom those entanglement concerns do not exist like they would on any other summons authority or basis. Like, you know, the courts have consistently held we have this broad authority. And when we're dealing with parties who aren't churches, those entanglement concerns do not exist. So, no, there is no specific timing requirement. But under taxpayers argument, the IRS would only be able to seek third party documents when the church says it can. Taxpayer just said that only after the church has provided documents, then may the IRS go seek third party documents. There is nothing in 7611 that says that. There is nothing in 7609 that says that. So do you agree that bank records in the possession of the taxpayer are church records? Bank records in the possession of a taxpayer? Well, of the church, are church records. So the definition of church records, and this is in 7611H, is, sorry, I just missed it. Any documents that are in the possession of a church, right? Is that right? Yes. The term church records means all corporate and financial records regularly kept by a church, including corporate minute books. So, yes, they would have to be in the possession of the church to be church records. Okay. So I guess your position is that you can have the same document in the possession of two people and you don't have to comply with 7611 as long as the church record is in the possession of a third party. And we know that because there's a specific carve out right under that definition of church record for documents to which 76097s would apply. And because this is a third party document, yes. And so what about this? What about the church? Say the church has financial statements and they provide those financial statements to their CPA. Can you use 7609 to go after the financial statements from the CPA without first asking the church to provide it? Under 7611H, we may. Yes. Okay. So it does seem, doesn't it, that in some ways your position makes 7611 seem a little bit illusory? No, Your Honor, for the very specific reason that Judge Moritz already brought up. 7611 specifically gives churches a protection even when the IRS seeks documents from third parties. 7611D specifically says that a treasury official must determine substantial compliance with 7611 before the IRS can revoke church status. Similarly, the regulations say the IRS cannot rely only on third party documents in revoking church status. Yeah, but there are two, there are two protections in the act. One of them is the protection of having a high level official sign off. Yes. The other one is, is not running them through, you know, certain procedures and documents, you know, and meetings and document requests and things like that before they have an opportunity to move for a stay or something like that. Right? Yes, Your Honor. But the issue in this case is a document request to a bank for which the church is not required to go sift through multiple volumes. No, I understand that, but I think what you're not seeing, what you're not acknowledging is that there is, there is an indication of an end run here. There is no end run. You could get the documents from the church, but if I were you, I would look at the church and I would say they're going to object. So I'm just going to not even do it. And I'm not saying you didn't ask them. We didn't do that. But you said you didn't have to. So I would just skip it all together and go ask the bank. But what the fact of this case shows is that the IRS does not do that. We wanted those documents. You're not here talking about course of dealing and things like that. You're talking about what the text of the statute says. The text of the statute says when the IRS is dealing with a third party, it does not need to follow these heightened procedures in 7611. And as Judge Moritz pointed out, in fact, the church is precluded from raising any arguments relating to 7611 in a petition to quash proceeding, which was the proceeding below. The only remedy that 7611E allows is an objection in the government's proceeding to enforce the summons against the church. The district court in Southern Faith Ministries went through this in a really good way, because it outlined the options the church has when a third party is being summoned instead of it. The church has to wait until its documents are being summons, has to wait for the IRS to then try to enforce that summons. It may then raise that objection. But that does not leave the church without any further remedies. The church still has the option to file a declaratory judgment action under IRC 7428. I understand that the church wants this court to believe that it does not have that remedy on page 20 to 21. It makes it seem as if its hands are tied. But no, section 7428 of the code specifically allows it to challenge any sort of revocation of its church status. The only thing it cannot do in that proceeding is raise these administrative procedures in 7611. Procedures, again, which were designed because this is the government interfacing with the church entanglement concerns. That same concern does not exist with a third party bank. Cobb Bank could have objected, couldn't they? Yes, they may have, yes. And in that case, you would have to invoke 7609. That's right, Your Honor. And they did not do so. They did not. And as we understand... Let me just give you a hypothetical. Is it, what if the bank that was summoned puts their documents in two stacks? These are the bank documents that we produced. And this other stack B are the documents that we received from the church upon which we base some of our bank documents, including documents from their CPA. And they say, OK, we object not on stack A, but on stack B because those are church documents. What happens? We would seek to enforce a summons as to both stacks, Your Honor, because under the definition of church records in 7611, church records are documents that are regularly kept by the church in the possession of the church. But right, but the summons is for bank documents. And these are bank documents. So stack B, even though generated by the CPA of the church, if they are possessed by the bank, you say they are bank documents, not church documents. Yes, because at that point, the bank would have those documents for a reason. The bank is not just the church's keeper, if you will, Your Honor. They are the keeper of these documents because they're doing some sort of analysis, some sort of analytical work for the bank. It's not that the bank would just have documents unrelated to its financial purposes, that it serves the church. There was one other concern that taxpayer brought up that I'd like to address. We did talk about the limitation of remedies here, 7611. 7611's structure is to provide specific remedies and specific safeguards for the Every court that has looked at this issue has said it as much, Hobbs Bible Study, and the other court in this case in Colorado. Counsel, what's the minimum that the government would have to do for the taxpayer before it could go, before it could serve the third party summons on the bank? I mean, at what point, I guess I'm saying, can it do that? I mean, you say that here it voluntarily interfaced with the IRS, voluntarily interfaced with the church, but I'm just wondering what's the minimal amount it could do if it wanted to go straight to the third party, bypass any interface opportunity with the taxpayer, in this case, the church. Thank you, Your Honor. And I'm sorry if I made it sound like we voluntarily did things when we were dealing with the church. Whenever the IRS deals with the church, it must follow 7611. The IRS concedes as much. What I was saying was when we are dealing with the third party, there is no application of 7611. The only application we look at is 7609 and the Powell analysis. So you are not obligated to talk to the church before you do the summons on the bank at all? The reason 7609 summons came up here is because we obtained information from the church. We needed further information from the church. We didn't get that information. But if we were just going to do a third party summons outside of a church tax inquiry, that's right. Only 7609 would apply. Now, I think you're changing the question. So the question was, we're in an examination and inquiry. You have not yet talked to the taxpayer or the church. Can you, without talking to them, without asking them first, issue a 7609 subpoena to the bank? I think your earlier answer to me was yes. As soon as we deal with the church, 7611 is triggered. The procedural safeguards in 7611A regarding notice and the sign off by the high level treasury official, which I understand my time is up, but that was really the crux of this appeal. You have three minutes. Oh, sorry. Okay. I saw a yellow light and I got confused. The high level treasury official sign off, all of those 7611, those get triggered. Whether or not we decide to issue a third party summons, totally outside of 7611, there's nothing in 7611 that precludes us from doing it in any sort of order, from speaking with the church first, going to third party second, none of that. That's a really long answer. I think your answer, tell me if I'm right, your answer is you don't ever have to speak a word to the church before you can issue this third party summons. You don't have to ask them for any records before you ask, before you issue the third party summons. Your Honor, my understanding based on the language of 7611 is that yes, that's the case. That is the case, but every time we send a third party summons, we have to give notice to the church. That is baked into 7609. So that is why the church did get notice of this third party summons here and why they were able to intervene in the petition to quash proceedings. But your position is, is they can't raise 7611 in that, as an objection. You're right, Your Honor. Yes. But they could in a declarative action, in a declaratory judgment. No, Your Honor. They may only raise 7611 administrative issues in a petition, in a proceeding to enforce the summons on it. If there are enough for the... What would be the subject of the declaratory judgment action? And that would come later is what you're saying? That may come... After the IRS has taken some action or made some kind of resolution of whatever the issues are. Yes, Your Honor. An assessment or whatever. Right. An assessment or the removal of its tax exempt status. So let me just ask you a question about 7609. The service can't, you can't say that Judge Murphy, let's use Judge Murphy and not me, irritated you today and go back and issue a 7609 subpoena for his bank records, can you? Say that again, Your Honor. You have to have some kind of proceeding going before you can issue a 7609 subpoena. No, Your Honor. You can just, without any cause, ask for taxpayers' records? That is the broad authority that Congress has given the IRS. This is the way we can independently verify that taxpayers, either reporting or not reporting their tax information, are doing so and are paying the taxes that they are required to pay. Yes, Congress has granted the IRS broad summons authority. The Supreme Court in Powell said that broad investigative authority is why we do not want to trample on the IRS's ability to obtain information. Are there internal regulations, though, that require at least some level of an audit to have been initiated in order to do a 7609 summons? Not that I'm aware of, Your Honor. I could get back to you on that if you'd like, but my understanding is 7609 often triggers the IRS's audits that follow. This is our option to obtain independent verification information. I know, but there has to be something. There has to be a suspicion, something to just generate a 7609 summons. Your Honor, this is what Powell specifically said in that regard. The Supreme Court in Powell made clear that when the IRS is investigating, it is not held to the same standards as when it is prosecuting. The power to summons, the court rejected a stringent interpretation of the IRS's power to summons. It would hamper the commissioner's authority to carry out investigations he thinks are warranted, and it did not require a heightened requirement of what may or may not have happened with that taxpayer, any sort of, sorry, the word is escaping me, but when we prosecute, we need to have some sort of reasonable belief that some wrongdoing is done. When we investigate, which is what 7609 allows us to do, we do not have to have that same belief. So if just out of the blue, a 7609 summons was issued to a bank and the no indication of why the IRS was doing it, you were saying that that objection be overruled and the summons would be enforced? No, Your Honor, because 7609 has its own levels of protection and the Supreme Court's analysis in Powell requires four factors that the IRS must meet before that summons will be enforced, including that there was a valid purpose for that investigation. That's what I was getting at earlier. Yes. Sorry. It's not in the regulations. It comes out of the case law. And this court routinely, standing akimbo, it did this in standing akimbo, it goes through those four factors. Yes, the IRS must have some reasonable basis for its summons. We are not going about seeking information without some basis. Yes. Okay. Yeah. I think you misunderstood my question earlier because that's what I understood your answer to be was that you can just issue one for no reason at all. No, Your Honor. I think I got thrown off by you. Even if it was just Judge Murphy irritated. Yes. That's what threw me off. Yes. No, I'm not irritated. Because he was, he doesn't irritate you. Okay. All right. Thank you, counsel. Thank you, Your Honor. If there are no further questions, we ask that you affirm. Judge Warren, do you have any questions? No. Okay. Thank you, counsel. Thank you. Okay. Let's add, let's give him an extra minute and a half. All right. Thank you, Your Honor. I think these questions at the very end of the government's testimony are very important because you heard the government say that 7611, they conceded that it would apply if they had summoned the church, sent a summons to the church, moved to enforce against that summons, then we could be here to litigate what we actually want to litigate, the appropriate high level official. And what do you, what do you think about the idea that if they put a, put a lot of pressure on you for documents, that that's irritating you, taking you away from your, your faith based mission. And so therefore, if it would trigger these protections, but when they're asking a third party for the documents, it really puts no burden on you. Yes, that it really doesn't, but it's part and parcel with an examination in this case, in an inquiry, they are looking at specific things, but then they aren't going to us and having, basically, this is Lucy and the football with, with CAPA, they aren't moving to enforce in this case. They say we use 7609. They have protections. Okay. Well, we move to quash, but they don't move to enforce. So they say 7611E applies. So you don't have a remedy here. It's Lucy and the football because of the way the courts have, they've mapped out how to use 7611 so that you don't have to use any of it, like your hypothetical. If you have a bad actor at the IRS, given the way they interpret 7609, 7611, and Powell, you could have a bad actor, basically conduct an entire examination through third-party summonses and never have to get any kind of approval. Go to the very end. And they say, wait, the protection is we can't assess anything. Are you telling me the four conditions in Powell provide no protection whatsoever? I would say Powell is a floor and 7611 heightens that floor. It's, it's no, but at least there's a floor. There's some conditions. They just can't willy-nilly come out and issue a 7609 summons. And we've said under Powell that it's improper to issue a third-party summons to circumvent the Church Audit Procedure Act, which is what we believe here. And we believe that the administrative procedures necessary. Well, how can it be circumvented when, when the plain language of the statutes allow them to do that? Well, you look at it holistically and the, the, the, I think the problem with Living Word creating this third-party summons issue and, and Hobbs that really didn't analyze it, it goes to the definition of church records and the exclusion of 7609, but there's a whole nother category of examinations that have to do with religious activity that no court has ever opined on. What does that mean? We believe this is an examination into religious activity. And so this exclusion for 7609 in the definition of church records has nothing to do with it. But, but you would agree, wouldn't you, that none of the documents in the possession of the bank probe the religious activities themselves. They just probe financial matters that the bank has. Well, I'm out of time, Your Honor, but if I can answer. Go ahead and answer. The affidavit, the reason that these are being sought all have to do with some determination. They're not going to get any religious documents. They're not going to probe, you know, whether it was proper to operate a coffee shop as a, the way that the church did. Yeah, not from the bank. All right, so isn't that what you should be worried about in 7611, but not in 7609, because it's nothing about church activities beyond the financial ones are going to be disclosed. Under 7609, because it's to a third party. I think our problem here is that 7611, you could do everything you needed to under 7611 through 7609, and that's what the Bible study time folks said. This is going to be a problem. The Revenue Service is going to start doing this. And five years later, we believe it's happening. Okay, thank you, Counsel. All right, the case will be submitted, and Counsel are excused.